IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAISON HESLEPH,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO MODIFY SENTENCE<br><br><br><br>Case No. 2:10-CR-153 TS |

This matter is before the Court on Defendant's Motion to Modify Sentence. Defendant requests the Court reconsider its sentence that he serve three months in jail and allow him to serve time via house arrest and electronic monitoring. For the reasons discussed below, the Court lacks the authority to modify the sentence as requested. Even if the Court had that authority, it would decline to modify Defendant's sentence. Therefore, the Motion will be denied.

I. BACKGROUND

On November 12, 2010, Defendant was sentenced to three months custody with the Bureau of Prisons ("BOP"). Defendant now seeks to modify the sentence to allow him to serve

1

the three month period via house arrest and electronic monitoring. Defendant asserts that this would allow him to continue to work and pay off the restitution owed in this case. The government has no objection to Defendant's Motion.

## II. DISCUSSION

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[1] Because Defendant's Motion is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, his Motion depends on 18 U.S.C. § 3582(c)[2] or Federal Rule of Criminal Procedure 36.

"Section 3582(c) . . . provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed.'"[3]

> A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."[4]

None of these three avenues apply here. There is no motion from the Director of the Bureau of Prisons, nor has Defendant's sentencing range been lowered by the Sentencing Commission. Rule 35 is equally inapplicable. Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other

---

[1] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[2] *See United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

[3] *United States v. Blackwell*, 81 F.3d 945, 947(10th Cir. 1996).

[4] *Id*. at 947–48 (quoting 18 U.S.C. § 3582(c)(1)(A), (c)(1)(B), (c)(2)).

clear error." As Defendant brings this Motion after the fourteen day period set out in Rule 35(a), the provision is inapplicable.[5] Further, Defendant points to no arithmetical, technical, or other clear error. Rule 35(b) provides for a reduction upon motion of the government. Here, there is no motion by the government. For these reasons, Section 3582(c) and Rule 35 are inapplicable. Thus, the Court turns to Federal Rule of Criminal Procedure 36.

Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." While Rule 36 "gives the court authority to correct clerical-type errors" it "does not authorize substantive sentencing modification."[6]

Defendant's Motion seeks a substantive modification of his sentence, rather than to correct a clerical-type error. Therefore, Rule 36 is inapplicable.

For these reasons, the Court is without authority to modify Defendant's sentence as requested. Even if the Court had the authority to amend Defendant's sentence, it would decline to do so. For the reasons set forth at the sentencing hearing, the Court believes that the sentence imposed is that which is reasonable under the circumstances. Therefore, the Court will deny Defendant's Motion.

---

[5] *United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir. 1994) (seven-day time limit imposed by Rule 35 is jurisdictional).

[6] *Blackwell*, 81 F.3d at 948–49.

III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Modify Sentence (Docket No. 36) is DENIED.

DATED   January 19, 2011.


BY THE COURT:

_____
TED STEWART
United States District Judge